1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT
9                        EASTERN DISTRICT OF CALIFORNIA
10
11  EDWARD WEAVER,                    )
                                      )   2:07-cv-1169-GEB-GGH
12                 Plaintiff,         )
                                      )   **AMENDED** <u>ORDER TO SHOW</u>
13       v.                           )   <u>CAUSE AND CONTINUING</u>
                                      )   <u>STATUS (PRETRIAL</u>
14  FIA CARD SERVICES, N.A.,          )   <u>SCHEDULING) CONFERENCE</u>[*]
                                      )
15                 Defendant.         )
                                      )
16

17          The September 13, 2007, Minute Order Setting Status

18  (Pretrial Scheduling) Conference scheduled a status conference in this

19  case for October 29, 2007, and required the parties to file a joint

20  status report no later than fourteen days prior to the scheduling

21  conference.  The initial order setting the Status Conference, dated

22  June 15, 2007, further required that a status report be filed

23
24
25

---

[*]     This Amended Order to Show Cause and Continuing Status
27  (Pretrial Scheduling) Conference amends and supersedes the Order
    to Show Cause and Continuing Status (Pretrial Scheduling)
28  Conference filed October 25, 2007.

1

regardless of whether a joint report could be procured.[1]  No status report was filed as ordered.

        Plaintiff is Ordered to Show Cause (OSC) in a writing to be filed no later than 4:00 p.m. on November 26, 2007, why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure against Plaintiff and/or his counsel for the failure to file a timely status report, as ordered.  Plaintiff's written response shall also explain whether Plaintiff has effected service of process on Defendant, and whether Plaintiff has served Defendant with a copy of the June 15, 2007 Order.[2]  If service of process has been completed but Plaintiff has not yet served Defendant with a copy of the June 15, 2007 Order, Plaintiff shall also show cause why he and/or his counsel should not be sanctioned for failure to timely serve Defendant with a copy of the June 15, 2007 Order.  Further, if service of process has not been completed within the 120-day time period prescribed by Federal Rule of Civil Procedure 4(m), Plaintiff shall show cause why this action should not be dismissed for failure to timely serve Defendant.

---

[1]    As the Order states:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order.  In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

Order filed June 15, 2007, at 2 n. 1.

[2]    As prescribed in the June 15, 2007 Order, Plaintiff was required to serve Defendant with a copy of the June 15 Order "[c]oncurrently with the service of process, or as soon thereafter as possible . . . ."  June 15, 2007 Order at 1.

2

1    The written response shall state whether Plaintiff or his
2 counsel is at fault and whether a hearing is requested on the OSC.[3]
3 If a hearing is requested, it will be held on December 10, 2007, at
4 9:00 a.m., just prior to the status conference, which is rescheduled
5 to that date.  In accordance with the requirements set forth in the
6 September 13, 2007 Order, a status report shall be filed no later than
7 November 26, 2007.

8    IT IS SO ORDERED.

9 Dated: October 26, 2007

10                                    GARLAND E. BURRELL, JR.
                                      United States District Judge

---

[3] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

3